## STATE COURT OF APPEALS—Continued

### No. 877
### KOCHMAN v. FOUGHT et
Ohio Appeals, 6th Dist., Sandusky Co.

No. 162.   Decided Oct. 8, 1925

445. EASEMENTS—Mandatory injunction issued, when by language of conveyance driveway which was to be kept open and unobstructed, had been filled above what it was at time of purchase.

RICHARDS, J.

This action was started in the Sandusky Common Pleas by Frances Kochman for the purpose of securing a mandatory injunction requiring Albert Fought to remove certain earth and debris from a driveway and to recover damages. The Common Pleas granted the mandatory injunction as prayed for but refused an award of damages; and also refused damages to Fought on a cross-petition filed by him. He appealed the case to the Court of Appeals which held:

1. The Fremont Realty Co., a former owner of the premises involved, was not a necessary or proper party to the action and as to it the action is dismissed.

2. By deeds of conveyance, Kochman was granted a perpetual right of way on a driveway from her premises leading south. It was averred by Fought that the deed to Kochman recited that the driveway was to be "used for a passage and to be kept open and unobstructed."

3. These averments, not being denied, will be taken as true. The language used in the conveyance necessarily implies such a driveway as shall be unobstructed and reasonably suitable for the use to which driveways are usually devoted.

4. The present level of the driveway is so many feet higher than the premises that it can not be used as a driveway at all if the present height is maintained. A preponderance of the evidence shows that the driveway had been filled in to a very substantial extend above what it was at the time the conveyance was made.

5. The Common Pleas order that Fought should remove all ground and other material on the driveway necessary to make the surface conform to the grade as fixed by it should be enforced.

Decree for Kochman.

Attorneys—Allen G. Aigler, Norwalk, for Kochman; H. G. DeRan, Harry Garn, and Culbert & Culbert, Fremont, for Fought, et.